IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST AND OKHOO HANES,<br><br>    Plaintiffs,<br><br>  v.<br><br>ARMED FORCES INSURANCE EXCHANGE,<br><br>    Defendant.<br>_____/ | No. C 12-05410 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Currently before the Court are the parties' cross-motions for summary judgment. Pursuant to Civil Local Rule 7-1(b), the Court determines the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motion for summary judgment and DENIES plaintiffs' motion for summary judgment.

**BACKGROUND**

This case arises out of the defense and indemnity obligations of defendant, American Forces Insurance Exchange ("AFI"), in a lawsuit between the insureds, plaintiffs Okhoo and Ernest Hanes ("the Haneses"), and their neighbors the Bishops. AFI moves for summary judgment on its counterclaim seeking reimbursement for fees and costs incurred in defending the Haneses against their neighbors; the Haneses also seek summary judgment as to this issue.

**I.     The Underlying Lawsuit**

On March 24, 2009, the Bishops filed suit against the Haneses in Alameda Superior Court for violation of the Oakland View Ordinance, Oakland Municipal Code sections 15.52 *et seq.*, and for a "spite fence."[1] Docket No. 65-1, Statement of Undisputed Facts ("SUF") ¶ 2. The Bishops sought a declaration and injunction directing the Haneses to comply with the View Ordinance by removing their trees or maintaining them at a height that would not obstruct the Bishops' views; compensatory damages for the Bishops' "lost use and enjoyment of their property, discomfort, annoyance, and mental and emotional distress"; and attorneys' fees, punitive damages, and costs of suit. *Id.*; Docket No. 65-1, Ex. 9. Subsequently, the Bishops amended the complaint to remove the cause of action for a spite fence and the request for punitive damages. SUF ¶ 3.

On May 15, 2009, after the Haneses tendered defense of the second Bishop suit to AFI, AFI sent the Haneses a Reservation of Rights letter which stated that AFI "may have no duty to pay, indemnify, defend, or otherwise perform" under the Haneses' insurance policy. SUF ¶ 11; Docket No. 65-2, Ex 11. AFI's letter noted "that California law provides for reimbursement from you to us for expenses incurred in defending this matter should it later be determined that no coverage exists." *Id.* The letter cited to portions of the Haneses' policy, specifically the Personal Liability provision, including definitions of "occurrence" and "property damage," and the insured's duties after a loss. *Id.* The Right of Reservation letter further informed the Haneses:

> Armed Forces Insurance will hire and retain an attorney to represent you and to protect your interests in this potential suit. However, you need to understand that this defense is being provided to you with a full and complete reservation of rights which Armed Forces Insurance may have under the Homeowner's Policy. This would include whether Armed Forces Insurance has a duty to defend you in this litigation, to settle this suit, or to pay any judgment that might be rendered against you in accordance with the terms of the policies . . . . We also wish to let you know that you certainly have the right to retain other counsel of your own choosing . . . . Armed Forces Insurance reserves all of its rights under the policy, including the right to deny coverage in its entirety.

*Id.*

As the second Bishop suit continued, AFI provided a defense to the Haneses, retaining attorney William Blakemore to defend them. SUF ¶ 5. In August 2009, the Haneses moved for summary

---

[1] This was the second suit the Bishops filed against the Haneses; the first was filed in 2001 and similarly alleged violation of the view ordinance contained in Oakland Municipal Code § 15.52 *et seq.* Docket No. 33, Ex. 1.

2

judgment, which the court denied. *Id*. ¶ 29; Docket No. 65-3, Ex. 37. The suit was tried between December 2009 and January 2010, and in March 2010, a Statement of Decision in favor of the Bishops was issued by then-Superior Court Judge Jon S. Tigar. Docket No. 33, Ex. 17. The decision ordered the Haneses to remove the trees at issue at their own expense and to pay the Bishops' costs of suit including attorneys' fees, as provided by the view ordinance. *Id.* The Bishops' damages claims for emotional distress were denied. *Id*.

On April 7, 2010, AFI informed the Haneses, by letter, that AFI would not provide coverage for the award against them in the second Bishop suit:

> [T]here is no coverage provided for the award as set forth, including the award of attorneys' fees and costs. The Decision states you are in violation of the Oakland View Ordinance (Statute) and the violation was done intentionally which is willful misconduct. Intentional acts and violation of Statutes are barred from coverage pursuant to California Insurance Code section 533.

*Id.*, Ex. 18.

On April 21, 2010, counsel for AFI sent to Blakemore a letter stating "AFI will continue to provide a courtesy defense" for a motion for a new trial and motion to tax costs, but that upon the conclusion of those motions, and the entry of judgment by the trial court, "AFI will cease to provide a defense to Mr. and Mrs. Hanes." *Id*., Ex. 19. The letter further stated "AFI continues to reserve all its rights . . . including the right to seek reimbursement of fees and costs incurred." *Id.* The Haneses' motion for a new trial was denied and they appealed the judgment against them.[2] Docket No 33-1 ¶ 44. Stephanie Tatley, of AFI, noted in her electronic claim file notes on July 15, 2010: "Advised attny that appeal costs and time will not be paid for by AFI, it is the insureds responsibility." *Id.* ¶ 45. On October 27, 2011, the Court of Appeal affirmed the trial court's judgment in favor of the Bishops. *Id.* ¶¶ 45-46; Ex. 21.

## II. Procedural History

On October 19, 2012, the Haneses filed this lawsuit, based on diversity jurisdiction, which alleged that AFI breached its duty to indemnify and defend the Haneses; breached its duty of good faith

---

[2] The Bishops did not appeal the part of the judgment denying them damages for emotional distress.

3

and fair dealing; and violated the California Insurance Code. Docket No. 1. AFI answered by asserting nine affirmative defenses as well as counterclaims for breach of contract, for unjust enrichment, and for a declaratory judgment that it owed no duty to defend or to indemnify the Haneses. In addition, AFI sought a judgment against the Haneses for attorneys' fees and costs in the present action; a declaration the insurance policy did not cover the monetary amounts sought by the Haneses in this action; reimbursement for the defense fees and costs for defending the claims not covered by the policy; and further relief as deemed just and proper. Docket No. 9.

On September 13, 2013, the Court heard oral argument on the parties' cross motions for summary judgment; the issues were limited to AFI's liability to the Haneses for the costs and attorneys' fees the Haneses incurred in connection with the Bishops' claims leading up to and during the second Bishop suit, and the Haneses liability to AFI for the attorneys' fees and costs AFI incurred defending the Haneses in the second Bishop suit. Docket Nos. 31, 33, 34, 39. In its Order, the Court denied both parties' motions for summary judgment. Docket No. 40.

AFI has again filed a motion for summary judgment as to its counterclaim that it is entitled to recover reimbursement from the Haneses for fees and costs incurred in defending uncovered claims. Docket No. 65. The Haneses filed a cross-motion seeking summary judgment in their favor on AFI's counterclaim. Docket No. 66. Both parties submitted responses and replies to the respective summary judgment motions. Docket Nos. 68, 69, 70, 71.

**LEGAL STANDARD**

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325.

4

1       Once the moving party has met its burden, the burden shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

      In deciding a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c)).

## DISCUSSION

      The sole issue remaining in this lawsuit is whether AFI may recover the attorneys' fees and costs it incurred in defending the Haneses in the Bishop suit. AFI seeks reimbursement for the attorneys' fees and costs it incurred in defending non-covered claims against the Haneses. Defendant's Motion at 10; Defendant's Opposition at 6. The Haneses argue that AFI is not entitled to reimbursement because AFI cannot demonstrate that the attorneys' fees and costs at issue can be allocated solely to claims not even potentially covered by the insurance policy. Plaintiffs' Motion at 3-6; Plaintiffs' Opposition at 1-2.

      Under California law, "an insurer has a duty to defend an insured if it becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement." *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 18 (1995). "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993). "The defense duty is a continuing one, arising on tender of defense and lasting until the

5

underlying lawsuit is concluded or until it has been shown that there is *no* potential for coverage." *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 295 (1993) (emphasis in original).

The California Supreme Court has explained that "an insurer, having reserved its right to do so, may obtain reimbursement of defense costs which, in hindsight, it never owed." *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 657 (2005). "[W]here the insurer, acting under a reservation of rights, has prophylactically financed the defense of claims as to which it owed no duty of defense, it is entitled to restitution." *Id*. (citing *Buss*, 16 Cal. 4th at 47-52). This is because the insurer has no duty to defend claims that are not even potentially covered. "With regard to defense costs for these claims, the insurer has not been paid premiums by the insured. It did not bargain to bear these costs." *Buss*, 16 Cal. 4th at 50-51. Thus, shifting the defense costs to the insured "would not upset the arrangement." *Id*. "The insurer therefore has a right of reimbursement that is implied in law as quasi-contractual." *Id*.

An insurer has a duty to defend the insured as to claims that are at least potentially covered, and may not seek reimbursement for defense costs as to those claims. *Buss v. Superior Court*, 16 Cal. 4th 35, 49 (1997). In contrast, an insurer may seek reimbursement for defense costs as to claims that are not even potentially covered, because the insurer does not have a duty to defend such claims. *Id*. at 49-50. In a mixed action, meaning one in which some of the claims are at least potentially covered and others are not, "the insurer has a duty to defend the action in its entirety." *Id*. at 48. But in a mixed action, the insurer may obtain reimbursement for "[d]efense costs that can be allocated solely to the claims that are not even potentially covered." *Id.* at 52.

An insurer must carry the burden of proof for reimbursement by a preponderance of the evidence that the defense expenses are solely allocable to claims not potentially covered. *Id.* at 53. "[A]ny precise allocation of expenses in this context would be extremely difficult and, if ever feasible, could be made only if the insurer produces undeniable evidence of the allocability of specific expenses." *Id*. at 55 (quoting *Hogan v. Midland National Ins. Co.*, 3 Cal. 3d 553, 564 (1970)).

AFI first argues that there were no potentially covered claims after July 6, 2009, and thus it is entitled to recover defenses costs and attorneys' fees incurred after that date. Defendant's Motion at 10. The Haneses maintain that AFI is not entitled to reimbursement because the Bishops' claims for

6

compensatory damages for discomfort and annoyance remained in the case throughout litigation. Plaintiffs' Motion at 5-6; Plaintiffs' Opposition at 2-3.

As the Court previously explained in its prior order denying plaintiffs' motion for partial summary judgment, AFI had a duty to defend the Haneses for claims potentially covered by its insurance policy. The Personal Liability provision of the Haneses' policy states:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
> 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

Docket No. 33, Ex. 24. The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period in: a. 'Bodily injury'; or b. 'Property damage'." *Id*. "'Bodily injury' means bodily harm, sickness or disease, including required care, loss of services and death that results," and "property damage" is defined as "physical injury to, destruction of, or loss of use of tangible property." *Id*.

The Bishops' complaint against the Haneses sought compensatory damages for the "lost use and enjoyment of their property, discomfort, annoyance, and mental and emotional distress." Docket No. 65-1, Ex. 9. The Haneses argue that the Bishops sought "discomfort and annoyance damages," and therefore presented a potentially covered claim throughout the litigation. Plaintiffs' Motion at 5. As the Court explained in the previous summary judgment order, to constitute a potentially covered claim, the Bishops' claim must have been because of "bodily injury" or "property damage" caused by an "occurrence" as defined by the policy.

While the Bishops may have sought damages for discomfort and annoyance, they clarified in their interrogatory answers that their "action is for declaratory and injunctive relief and does not contain a claim for personal injury." SUF ¶ 12; Docket No. 65-3, Exs. 30-31. When asked in interrogatory 6.1, "Do you attribute any physical, mental, or emotional injuries to the incident?" the Bishops responded, "Plaintiffs' action is for declaratory and injunctive relief and does not contain a claim for personal injury." *Id*. Thus, any claim for "discomfort and annoyance damages" was not because of "bodily injury" (meaning "bodily harm, sickness or disease, including required care, loss of services and death

7

that results") or "property damage" (meaning "physical injury to, destruction of, or loss of use of tangible property") caused by an "occurrence" as defined by the policy. The Bishops' claims for "discomfort and annoyance" damages were therefore not potentially covered claims under the policy. The Bishops' attorney, Barri Bonapart, also stated in her declaration, "I never sought damages that would typically be considered 'personal injury' damages as my clients did not sustain any physical injury or physical manifestation of their discomfort and annoyance or emotional distress." Docket No. 65-6 ¶ 10. The facts of this case demonstrate that the potentially covered claims and AFI's duty to defend the Haneses were extinguished on July 6, 2009, when the Haneses' counsel received the Bishops' interrogatory responses clarifying that the damages sought were not because of personal injury and thus were not caused by an occurrence under the policy.

It therefore follows that AFI, having reserved its right to do so, may obtain reimbursement for the attorneys' costs and fees it incurred to defend the Haneses after July 6, 2009, for which it owed no duty of defense. *See Scottsdale*, 36 Cal. 4th at 657.[3] AFI has the burden of showing, by a preponderance of the evidence, that the reimbursement sought is for defense expenses solely allocable to claims not potentially covered. *See Buss*, 16 Cal. 4th at 53. The Court has carefully reviewed the facts and evidence submitted jointly in support of the cross-motions for summary judgment and has specifically reviewed Blakemore's bills for legal services and costs in defending the Haneses. AFI has carried its burden to show a right to reimbursement for defense expenses allocable solely to claims not

---

[3] The Haneses argue that AFI did not adequately reserve the right to seek reimbursement of its defense costs. Plaintiffs' Motion at 7-8; Plaintiffs' Reply at 3. This argument fails. "If the reservation of rights agreement contains a reimbursement clause, the carrier retains its right to seek reimbursement for payments expended if noncoverage is ultimately proven." *Truck Ins. Exch. v. Superior Court*, 51 Cal. App. 4th 985, (1996). "[A] generalized reservation of rights has been deemed adequate by the courts." *State Farm Fire & Casualty Co. v. Jioras*, 24 Cal. App. 4th 1619, 1627 (1994) (citing *California Union Ins. Co. v. Poppy Ridge Partners*, 224 Cal. App. 3d 897, 901-02 (1990)). As previously described, AFI's reservation of rights letter contained a reimbursement clause and specifically cited the relevant policy terms. Docket No. 65-2, Ex 11. Accordingly, the Haneses' argument fails.

Further, the Haneses ask this Court to hold that the California Supreme Court would overrule *Buss* and find that an insurer cannot unilaterally modify its insurance policy to seek reimbursement of defense costs. Plaintiffs' Motion at 8. This Court is "bound by the decisions of the state's highest court." *Vestar Development II, LLC v. General Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001). The California Supreme Court has, subsequent to its decision in *Buss*, held that an insurer can reserve its right to assert noncoverage unilaterally by giving notice to the insured. *Scottsdale,* 36 Cal. 4th at 656; *Blue Ridge Ins. v. Jacobsen*, 25 Cal. 4th 489, 498 (2001). Plaintiffs have not provided any convincing reason to believe that the California Supreme Court would overrule *Buss*, and the Court declines to find that it would.

potentially covered; taking together the total services and costs incurred after July 6, 2009, the Court finds that AFI has a right to reimbursement for $119,595.50.[4] Docket No. 65-1, SUF ¶ 43; Docket No. 65-3, Exs. 31, 35, 36, 39, 40, 46.

## CONCLUSION

Having found that AFI has carried its burden to demonstrate that the attorney's fees and costs at issue can be allocated solely to the defense of claims non-covered by the insurance policy, the Court GRANTS AFI's motion for summary judgment; DENIES the Haneses' cross-motion for summary judgment; and awards AFI reimbursement of $119,595.50 from plaintiffs.

**IT IS SO ORDERED.**

Dated: July 31, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[4] From the August 1, 2009 bill the Court subtracted services and costs incurred before and on July 6, 2009; from the September 2, 2009 bill the Court subtracted costs incurred for copies made between June 1, 2009 and July 31, 2009.  Docket No. 65-3, Exs. 31, 35.